IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert M. Schumann<br>And<br>John Coniglio<br><br>                         Plaintiffs,<br>     vs.<br>BIT Media Group LLC.,<br>**and** Pavel Valnev<br>Under FLSA and IWPCA<br>As Employers<br><br>                         Defendants. | )<br>) CASE NO 16 CV 5994<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)  **ON ALL COUNTS**<br>) |

### COMPLAINT

NOW COMES the Plaintiffs, Robert M. Schumann and John Coniglio, individually, by and through their undersigned counsel of record, upon personal knowledge as to those allegations in which they so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) brings this cause of action against Defendant BIT Media Group LLC., (BIT)., (hereinafter "BIT" or Defendant), and in so doing states the following:

### NATURE OF THE ACTION

1. Plaintiff, Robert M. Schumann, alleges individually that he, under both federal and state wage laws, were mis-classified as an "independent contractor(s)" thus Defendants did not pay Plaintiff, minimum wages,

1

overtime wages, and/or all owed wages due under the FLSA and/or Illinois Wage Laws.

2. Plaintiff, John Coniglio alleges individually that he, under both federal and state wage laws, were mis-classified as an "independent contractor(s)" thus Defendants did not pay Plaintiff, minimum wages, overtime wages, and/or all owed wages due under the FLSA and/or Illinois Wage Laws.

3. Plaintiffs were employees who worked for Defendant at its Illinois location during the relevant time period, and who was denied their clearly-established rights under applicable federal and state statutes.

4. Defendants paid no wages whatsoever to Plaintiffs.

5. As a result of the practices of Defendants described herein, Defendants failed to adequately compensate Plaintiffs, including minimum and overtime wages as required by the FLSA and IMWL.

## JURISDICTION AND VENUE

6. Plaintiffs seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

7. Plaintiffs seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

8. This Complaint also alleges causes of action under the statutes of the State of Illinois, that arise out of the same set of operative facts as the federal causes of action herein alleged; furthermore; these state causes of action would be expected to be tried with the federal claims in a single judicial proceeding.

9. This Court has supplemental jurisdiction over those additional claims pursuant to 28 U.S.C. § 1367(a).

10. The acts complained of herein were committed and had their principal effect, as described more fully below, within this District Court; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**PARTIES**
**A. Plaintiffs**

11. Robert M. Schumann, (hereinafter "Plaintiff") is a citizen and resident of Illinois.

12. Plaintiff worked as an employee at Defendant's place of business located in the State of Illinois.

13. John Coniglio, is a citizen and resident of Illinois. Plaintiff worked as an employee at Defendant's place of business located in the State of Illinois.

14. At all times relevant to this Complaint, Plaintiffs was intentionally and improperly classified by Defendant as an independent contractors, but in reality they were an employees of Defendant subject to the requirements of the Fair Labor Standards Act and the Illinois Minimum Wage Act.

15. As a result of Defendant's intentional misclassification of Plaintiffs, Plaintiffs was paid no wages at all and they are owed full minimum and overtime wages.

**B. Defendant BIT**

16. Defendant BIT Media Group LLC. is an Illinois limited liability corporation and was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. §

3

203(d), and the Illinois Minimum Wage Act, IWML, for all relevant time periods.

**Individual Defendant**

17. Defendant Pavel Valnev (hereinafter "Individual Defendant") manage and control the operation of the Defendant's business and dictates the employment policies of the Defendant including but not limited to the decision to classify the Plaintiffs as "independent contractors" (and/or lessees) and to pay those persons no minimum wage and/or no overtime wages.

18. Independent Defendant made the decision to classify Plaintiffs as an "independent contractors", or keep the classification of the Plaintiffs as "independent contractors".

19. Independent Defendants' were at all times relevant to this Complaint, Plaintiffs' employer as defined by the FLSA, 29 U.S.C. § 203(d) and the IWML.

20. At all relevant times, Defendant operated a printing and media business engaged in interstate commerce and which utilized goods which moved in interstate commerce.

21. During the relevant time period the annual gross revenues of Defendant exceeded $500,000.00 per annum, despite whatever allegations to the contrary the official "books" of Defendant might tend to support.

22. Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

23. Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

24. At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

25. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the 29 U.S.C. §201, erseq.

26. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the Illinois Minimum Wage Act, A.C.A. § 11-4-201, *et seq.*

27. No exemptions or exceptions to the application of the FLSA or IWML apply to Plaintiffs.

## FACTUAL ALLEGATIONS WEEK BY WEEK

28. Plaintiff Robert M. Schumann alleges that in the week of work, 6/9/14 to 6/13/14, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work. For this week of work, Plaintiff worked 1.5 hours of overtime and was paid nothing.

29. Plaintiff Robert M. Schumann alleges that in the week of work, 2/16/15 to 2/21/15 paid on 3/4/15, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work.

5

30. Plaintiff Robert M. Schumann alleges that in the week of work, 2/1/16 to 2/7/15 paid, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work.

31. Plaintiff Robert M. Schumann alleges that in the week of work, 1/25/15 to 1/31/15 paid, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work.

32. Plaintiff Robert M. Schumann alleges that in the week of work, 4/19/15 to 4/25/15 paid, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work.

33. Plaintiff Robert M. Schumann alleges that in the week of work, 4/26/15 to 5/2/15 paid, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work.

34. Plaintiff Robert M. Schumann alleges that in the week of work, 4/12/15 to 4/25/15 paid, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was

paid no wages, thus Defendants are liable for minimum wage violations for this week of work.

35. Plaintiff Robert M. Schumann alleges that in the week of work, 4/5/15 to 4/11/15 paid, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work.

36. Plaintiff Robert M. Schumann alleges that in the week of work, 3/22/15 to 3/28/15 paid, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work.

37. Plaintiff Robert M. Schumann alleges that in the week of work, 3/15/15 to 3/21/15 paid, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work.

38. Plaintiff Robert M. Schumann alleges that in the week of work, 3/8/15 to 3/14/15 paid, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work.

39. Plaintiff John Coniglio alleges that in the week of work, 1/5/15 to 1/9/15 paid, he was paid no wages, and as an employee of Defendant was owed

wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work. Plaintiff also worked 6.5 hours of overtime, but was paid no wages.

40. Plaintiff John Coniglio alleges that in the week of work, 1/12/15 to 1/16/15 paid, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work. Plaintiff also worked 5.25 hours of overtime, but was paid no wages.

41. Plaintiff John Coniglio alleges that in the week of work, 1/12/15 to 1/16/15 paid, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work. Plaintiff also worked 5.25 hours of overtime, but was paid no wages.

42. Plaintiff John Coniglio alleges that in the week of work, 11/2/15 to 11/6/15 paid, he was paid no wages, and as an employee of Defendant was owed wages: minimum wages and overtime wages. Plaintiff was paid no wages, thus Defendants are liable for minimum wage violations for this week of work. Plaintiff also worked 1.00 hours of overtime, but was paid no wages.

43. Plaintiffs do not have to allege facts related to non-wage payments as those are not relevant as they were not paid as wages.

## IV. **DEFENDANT'S INTENT**

44. All actions by Defendant were willful and not the result of mistake or inadvertence.

45. Plaintiffs had no control over their work environment whatsoever.

46. Defendant set the rules and had complete control over the venue, and Plaintiffs had to obey these rules or risk everything, including loss of jobs. This is the very hallmark of the economic dependence and control of an employer-employee relationship.

47. Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiffs and withhold all wages to them in effort to enhance their profits.

48. Defendant knew that persons such as Plaintiffs are employees that should be paid under the law, and has simply chosen not to pay them.

49. Evaluation of proper classification is a multiple part test, which the Defendants have not properly applied to Plaintiffs in determination of their status, rather Defendants simply assumed incorrectly that the Plaintiffs and other employees were independent contractors, simply because the Defendants declared them to be.

50. The test for Employee/contractor is found in a US DOL Fact Sheet #13: Am I an Employee?: Employment Relationship Under the Fair Labor Standards Act (FLSA).

9

51. The elements of this test demonstrate that Plaintiffs are not properly classified. The elements are as follows:

1) the extent to which the work performed is an integral part of the employer's business.

2) Whether the worker's managerial skills affect his or her opportunity for profit and loss.

3) The relative investments in facilities and equipment by the worker and the employer

4) The worker's skill and initiative.

5) The permanency of the worker's relationship with the employer.

6) The nature and degree of control by the employer

52. Almost none of these factors are in Defendants' favor, as each is in Plaintiff favor as alleged as follows:

1) the extent to which the work performed is an integral part of the employer's business.

The work of the Plaintiffs is integral part of the employers business. BIT's business is production of printed materials including newspapers and the Plaintiffs work is solely related to that business: the Plaintiffs worked on the printing presses making the printed materials, which is the key of the Defendants' business model.

2) Whether the worker's managerial skills affect his or her opportunity for profit and loss.

Here there was no opportunity for profit or loss, the Plaintiffs were paid the same baseline pay, but were paid no wages.

3) The relative investments in facilities and equipment by the worker and the employer

   a. Here Plaintiffs made/make no investment other than their time and efforts. In contrast the printing machines alone involved an investment of many tens or hundreds of thousands of dollars.

4) The worker's skill and initiative.

   a. Here the Plaintiffs "skills" were simply printing work, no specialized skill or initiative was required.

5) The permanency of the worker's relationship with the employer.

   a. Plaintiffs worked for Defendants for some time, from 2014 to 2016.

6) The nature and degree of control by the employer

   a. Here Defendants have exerted strong and consistent control of employees, from requiring hours of work, scheduling hours of work, and mandating attendance.

### FIRST CLAIM FOR RELIEF

### (Claims for Violation of FLSA

53. Plaintiffs repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

54. Defendant intentionally failed to pay Plaintiffs any wages at all, let alone the minimum or overtime wages required under the FLSA.

55. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

56. Plaintiffs consented to the filing of this claim.

11

57. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs initial complaint, plus periods of equitable tolling.

## SECOND CLAIM FOR RELIEF

### (Claims for Violation of IMWL)

58. Plaintiffs repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

59. Defendant intentionally failed to pay Plaintiffs any wages at all, let alone the minimum and overtime wages required under the IMWL.

60. Defendant required Plaintiffs to pay for the right to work and took other deductions from her tips, in violation of the IMWL.

61. Defendant's conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the IMWL.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs, individually, respectfully prays that each Defendant be summoned to appear and answer herein; for orders as follows:

    (A)    For an order of this Honorable Court entering judgment in Plaintiffs' favor against each

Defendant, jointly and severally;

(B) That the Court award Plaintiffs' their actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages;

(C) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, <u>et sea</u>., and attendant regulations at 29 C.F.R. §516 et sea..;

(E) A declaratory judgment that Defendant's practices alleged herein violate the Illinois Minimum Act,

(F) Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* and attendant regulations at 29 C.F.R. §516 et sea.:

(G) Judgment for damages for all unpaid regular wages and overtime compensation under the Illinois Minimum Wage Law, and attendant regulations;

(H) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq* in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiffs during the applicable statutory period;

(I) Judgment for liquidated damages pursuant to the Illinois Minimum Wage Law,. and attendant regulations;

(J) Judgment for any and all civil penalties to which Plaintiffs' may be entitled;

(K) For an equitable tolling of the statutes of limitations due to violations of applicable laws by Defendant;

(L) An order directing Defendant to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(M) Such other and further relief as this Court may deem necessary, just and proper.

**Respectfully Submitted by  /S/John C. Ireland**
**The Law Office of John C. Ireland**
**636 Spruce Street South Elgin ILL 60177**
**630-464-9675**
**Fax 630-206-0889**
**Attorneyireland@gmail.com**

**Dated: June 8, 2016**